UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| BETTYE L. EVANS, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 3:07-CV-290-TLS |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act and for Entry of Final Judgment Order [DE 22], filed on August 29, 2008. On October 6, the Defendant filed an Opposition [DE 25]. On October 19, the Plaintiff filed a Reply [DE 30]. For the reasons stated in this Opinion, the Plaintiff's Application for Attorney's Fees will be granted.

## BACKGROUND

On February 11, 2004, the Plaintiff filed an application for disability insurance benefits, alleging onset of disability beginning on January 17, 2003. Her application was denied initially and upon reconsideration, and she timely requested a hearing before an administrative law judge (ALJ). On June 14, 2006, she appeared and testified at a hearing before ALJ Richard VerWiebe in South Bend, Indiana, and on October 19, the ALJ issued a decision, denying the Plaintiff's claim for disability benefits. On November 2, the Plaintiff appealed the ALJ's decision to the Appeals Council, which denied review on March 9, 2007, making the ALJ's decision the final decision of the Commissioner.

On June 25, 2007, the Plaintiff instituted this action, seeking judicial review of the

Commissioner's decision denying her application for benefits. On September 14, the Government filed an Answer. On October 31, the Plaintiff filed her Memorandum in Support of Summary Judgment or Remand. On November 15, the Court assigned this matter to Magistrate Judge Christopher A. Nuechterlein to prepare a report and recommendation on the Plaintiff's Complaint. On January 15, 2008, the Government filed its Memorandum in Support of the Commissioner's Decision. On January 30, the Plaintiff filed her Response to Defendant's Memorandum in Support of the Commissioner's Decision.

On April 28, 2008, Judge Nuechterlein issued a Report and Recommendation, recommending that this case should be reversed and remanded to the Commissioner because of deficiencies in the ALJ's decision in two areas: (1) the ALJ's finding regarding the Plaintiff's residual functional capacity (RFC) was not supported by substantial evidence; and (2) the ALJ's determination that the Plaintiff was capable of performing her past relevant work was not supported by substantial evidence. As to the ALJ's RFC finding, the Report and Recommendation noted that the ALJ reiterated the Plaintiff's medical history in detail, but the ALJ's finding fell short in the following respects:

> [The ALJ] did not develop the logical bridge mandated under *Haynes*[ *v. Barnhart*, 416 F.3d 621 (7th Cir. 2005),] from this evidence to his finding of specific limitations. Instead, the ALJ methodically discounted evidence supporting a restrictive RFC finding, and then abruptly declared that [the Plaintiff] had several limitations on her RFC without citing any evidence to support his assertion. Nor did the ALJ specify whether or not the RFC included any postural limitations. The ALJ merely stated that a "thorough review of the evidence indicates that the claimant is capable of performing the full range of light work activity." (TR. 28) This explanation is insufficient.
> 
> While it may be true that substantial evidence listed in the ALJ's opinion supports the ALJ's finding that [the Plaintiff] should not carry more than twenty pounds occasionally or ten pounds frequently, or sit and stand/walk no more than six hours in an eight-hour workday, *Haynes* requires some minimal explanation of that link. The ALJ did not indicate what evidence allowed him to reach his

2

> conclusion, let alone how this evidence supports this conclusion. Thus, this Court can only speculate how the ALJ determined the specific limitations in his RFC finding. Since the ALJ did not provide the explanation or logical bridge required by *Haynes*, . . . the ALJ's RFC finding was not supported by substantial evidence . . . .

(Report & Recommendation 12–13.) The Report and Recommendation also noted that "the ALJ failed to provide a sufficiently clear explanation of his reasoning linking [the Plaintiff's] diabetes to the limitations he imposed[,] as required by *Haynes*." (Report & Recommendation 12 n.8.) As to the ALJ's past relevant work determination, the Report and Recommendation observed:

> Contrary to [*Nolen v. Sullivan*, 939 F.2d 516 (7th Cir. 1991)], the ALJ did not discuss the specific duties involved in [the Plaintiff's] prior job or assess her ability to perform those specific tasks. *Nolen*[,] 939 F.2d at 519. Under *Nolen*, the ALJ must make such findings before concluding a plaintiff is capable of returning to her previous work. Accordingly, this Court should remand the matter to the ALJ to determine the demands of [the Plaintiff's] relevant prior work and, based on the evidence available, her current ability to meet them.

(Report & Recommendation 14.) However, Judge Nuechterlein did recommend that the ALJ's assessment of the Plaintiff's credibility and his determination that diabetes was the Plaintiff's only severe impairment were supported by substantial evidence and that the ALJ adequately considered the combined effect of the Plaintiff's alleged impairments and did not improperly find that the record contained insufficient evidence of any appreciable combined effect.

No objections to Judge Nuechterlein's Report and Recommendation were filed. On June 2, the Court adopted Judge Nuechterlein's Report and Recommendation in its entirety.

Because she was the prevailing party in her appeal from the final decision of the Commissioner, the Plaintiff on August 29, 2008, filed an Application for Attorney's Fees Under the Equal Access to Justice Act and for Entry of Final Judgment Order, seeking an award of $7,745.31 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

3

On October 6, the Government filed an Opposition, responding that an award of fees is not appropriate because the Government's position was substantially justified and, in the alternative, that the amount of the requested fees is not reasonable. On October 19, the Plaintiff filed a Reply.

## THE EAJA, ATTORNEY'S FEES, AND THE SUBSTANTIALLY JUSTIFIED STANDARD

The EAJA provides for an award of reasonable attorney's fees and expenses to a "prevailing party in any civil action brought . . . against the United States or any agency or any official of the United States, " 28 U.S.C. § 2412(b), where the government's position was not "substantially justified" and where no "special circumstances make an award unjust, 28 U.S.C. § 2412(d)(1)(A). This language and remaining provisions of the statute grant district courts the discretion to award attorney's fees if four elements are established: (1) the claimant is a "prevailing party"; (2) the government's position was not substantially justified; (3) there are no special circumstances making an award unjust; and (4) the fee application is submitted to the court within thirty days of final judgment and is supported by an itemized statement. *Golembiewski v. Barnhart*, 382 F.3d 721, 723–24 (7th Cir. 2004).

Under the EAJA, there is no presumption that a party who prevails against the government will recover attorney's fees, but the government bears the burden of proving that its position satisfies the substantially justified standard. *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000) (citations omitted). It is important to note that the government's position need not be correct to be justified and that it is "substantially justified" if it has a reasonable basis both in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988).

4

However, the Commissioner's position must be stronger than merely non-frivolous; it must be "justified to a degree that could satisfy a reasonable person." *Id.* Substantially justified does not mean justified to a "high degree," and the standard of substantially justified is satisfied if there is a "genuine dispute" or "if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992). Thus, there is a category of cases in which "[the government] could take a position that is substantially justified, yet lose." *Pierce*, 487 U.S. at 569.

EAJA fees may be awarded if either the government's pre-litigation conduct or its litigation position was not substantially justified, and the ALJ's decision constitutes part of the agency's pre-litigation conduct. *Cunningham v. Barnhart*, 440 F.3d 862, 863–64 (7th Cir. 2006). However, because the district court is to make only one determination for the entire civil action,

> fees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa. In other words, the fact that the government's litigating position was substantially justified does not necessarily offset prelitigation conduct that was without a reasonable basis.

*Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). The Seventh Circuit has set forth a three-part standard for reviewing the government's position; the government must show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded. *Golembiewski*, 382 F.3d at 724.

## DISCUSSION

**A.      Was the Government's Position Substantially Justified?**

In their briefs addressing the Plaintiff's request for attorney's fees, the parties dispute whether the Government's position was substantially justified. There appears to be no dispute that the Plaintiff is the prevailing party, that no "special circumstances" apply that make an award unjust, and that the Plaintiff's fee application was timely.

The ALJ found that the Plaintiff had not engaged in substantial gainful activity during the relevant period (Step One of the Five-Step Sequential Evaluation) and that the Plaintiff had the severe impairment of diabetes mellitus (Step Two). The ALJ determined that the Plaintiff did not have any impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Step Three). The ALJ found that the Plaintiff retained the RFC to perform light work and that the Plaintiff could perform her past work, as the exertional requirements of that work were not precluded by her RFC (Step Four). Thus, the ALJ determined at Step Four that the Plaintiff was not under a disability. In its Memorandum in Support of the Commissioner's Decision, the Government did its best to defend the ALJ's decision in presenting the following arguments. First, the Government argued that an ALJ need not designate each impairment as "severe" or "not severe." Second, the Government contended the ALJ properly considered the Plaintiff's impairments in combination. Third, the Government urged that substantial evidence supports the ALJ's RFC finding and that the medical evidence fails to support the Plaintiff's allegations of disability, but the Government cited to no evidence in the record that would specifically support the ALJ's finding that the Plaintiff could perform light work that did not require sitting, standing, or walking for more than six hours during an eight-hour workday. Fourth, the Government argued that substantial evidence supports the ALJ's determination that the Plaintiff could perform her past relevant work despite her functional limitations.

As noted above, although the Government prevailed as to the ALJ's credibility determination, the ALJ's determination that the Plaintiff's only severe impairment was diabetes, and the ALJ's consideration of the combined effect of the Plaintiff's alleged impairments, the Court has found that two grounds warrant remand of this case to the Commissioner: (1) the ALJ's finding regarding the Plaintiff's RFC was not supported by substantial evidence; and (2) the ALJ's determination that the Plaintiff was capable of performing her past relevant work was not supported by substantial evidence.

The Court must make one determination of whether the Government has proceeded with substantial justification throughout the entire civil action, including at the pre-litigation stage when the ALJ made his decision denying the Plaintiff benefits. *Marcus*, 17 F.3d at 1036. The Report and Recommendation, adopted by the Court without objection from the parties, details deficiencies in the ALJ's decision regarding his RFC finding and his past relevant work determination; it also identifies the legal standards that the ALJ's decision (and thus the Commissioner's decision) fails to meet. The ALJ did not adequately explain or articulate the logical bridge between the medical evidence and his finding of specific limitations, did not indicate whether the Plaintiff's RFC included any postural limitations, and did not make necessary findings regarding the Plaintiff's past relevant work. Without these explanations and findings, the ALJ's opinion is not sufficiently developed for this Court to evaluate whether substantial evidence supports the ALJ's RFC and past relevant work conclusions, and thus these deficiencies in the ALJ's decision have necessitated remand.

Although an ALJ's failure to adequately articulate the reasons for a benefits decision by itself does not automatically require a finding that the ALJ's overall position was not

7

substantially justified, *see Stein*, 966 F.2d at 319–20 (observing that the ALJ's failure "to meet this articulation requirement in no way necessitates a finding that the Secretary's position was not substantially justified," that "the level of articulation required is far from precise," and that the "requirement that the ALJ articulate his consideration of the evidence is deliberately flexible"), the deficiencies in this case extend beyond mere failures to articulate and explain. As noted above, the Report and Recommendation concluded, as to the ALJ's RFC finding, that the ALJ methodically discounted evidence supporting a restrictive RFC finding, abruptly declared that the Plaintiff had several limitations on her RFC without citing any evidence to support this assertion, failed to specify whether the RFC included any postural limitations, failed to indicate what evidence allowed him to reach his conclusion, failed to indicate how the evidence supports his conclusion, and failed to link in his reasoning the Plaintiff's diabetes to the limitations he found. As to the ALJ's determination regarding the Plaintiff's ability to perform her past relevant work, the Report and Recommendation concluded that the ALJ failed to discuss the specific duties involved in the Plaintiff's prior job and failed to assess her ability to perform those specific tasks, and that these specific findings were required before the ALJ could conclude that the Plaintiff was capable of returning to her previous work. No party objected to any of these conclusions by Judge Nuechterlein in his Report and Recommendation, and they have been adopted by the Court.

These deficiencies in the ALJ's decision make this case closer to *Golembiewski*, in which an award of attorney's fees under the EAJA was determined to be appropriate, than to *Cunningham*, in which attorney's fees were not awarded. In *Golembiewski*, the ALJ improperly discredited the petitioner's testimony without explaining the reasons for rejecting the testimony,

mischaracterized the evidence, and failed to consider "an entire constellation of ailments" affecting the petitioner after finding that one or more of the ailments was severe. *Id.*, 382 F.3d at 723. In *Cunningham*, the ALJ did not adequately describe the medical evidence that led to the ALJ's conclusions and did not properly assess the applicant's credibility, necessitating remand for "'further articulation of the analysis.'" *Cunningham*, 440 F.3d at 863.

The Court thus finds that the Government has failed to meet its burden of showing that its position throughout the litigation (including its pre-litigation conduct) was substantially justified. Because the Plaintiff is the prevailing party and she timely applied for attorney's fees, and because the Government's position was not substantially justified and no special circumstances make an award of attorney's fees unjust, the Court will grant the Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act and for Entry of Final Judgment Order and award the Plaintiff reasonable attorney's fees.

**B.      Is the Plaintiff's Request for $7745.31 in Attorney's Fees Reasonable?**

The Plaintiff has requested an award of $7745.31 in attorney's fees for work performed in this case. This sum includes the following attorney and law clerk work: attorneys ($627.00 for 3.80 hours at $165.00 per hour in 2007, and $2474.56 for 14.45 hours at $171.25 per hour in 2008); and law clerks with juris doctor degrees ($4643.75 for 38.15 hours at $125.00). The Plaintiff has submitted supporting materials, including a time log and resumes for the attorneys and law clerks who worked on the case.

The Government argues that the Plaintiff's fee request is excessive and that she has not shown that the number of hours is reasonable. In support, the Government makes a number of

9

additional arguments, including that this case was a routine Step Four Social Security case, that 55.4 hours is excessive, that 20 to 40 hours is a benchmark for such cases, that the Government should not be required to subsidize the training and development of a law clerk, that the division of labor was inefficient, and that the law clerk/paralegal rate is not reasonable. The Government urges that these reasons justify a reduction of the award sought by the Plaintiff.

The Plaintiff replies that she does not seek excessive fees and that her fee request should not be reduced. She adds that the overall time spent working on this case is not excessive, that all of the law clerk's time is compensable, and that the rates are reasonable.

The Plaintiff's attorney has the burden of proving that the EAJA fees sought are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); 28 U.S.C. § 2412(b) & (d)(1)(B). The Supreme Court has observed that hours "'not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.'" *Hensley,* 461 U.S. at 434 (quoting *Copeland v. Marshall,* 641 F.2d 880, 891 (D.C. Cir. 1980)) (emphasis in original). The prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, *id.*, but the amount of a fee award is left to the discretion of the district court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters," *id.* at 437.

In addition to reviewing the motions and other filings in this case, the Court has reviewed the supporting materials submitted by the Plaintiff with her Application for fees and the briefing submitted by the parties. As to the number of hours of work performed in this case, the Court notes that a prevailing attorney is not ordinarily entitled to collect attorney's fees for time spent

on non-professional and clerical tasks. *See Spegon v. Catholic Bishop of Chi.,* 175 F.3d 544, 553 (7th Cir. 1999) (citing *Halderman v. Pennhurst State Sch. & Hosp.,* 49 F.3d 939, 942 (3d Cir. 1995)) (analyzing fees awarded pursuant to the Fair Labor Standards Act's provision for awarding attorney's fees, the court found that hours spent by counsel on tasks that are easily delegable to non-professional assistance should be disallowed); *Seamon v. Barnhart,* No. 05-C-0013-C, 2006 WL 517631, at *7 (W.D. Wis. Feb. 23, 2006) (finding that the prevailing plaintiff's attorney in a social security was not entitled to fees for clerical tasks such as reviewing service of summonses and sending proof of service to the court). The time log submitted by the Plaintiff includes a number of entries by a law clerk that involve clerical tasks, although some of these entries also include compensable tasks: 3/29/2007 (0.2 for distributing copies to attorneys for review, opening case in TimeMatters); 3/30/2007 (0.15 for scanning and emailing ALJ's decision to Ms. Aloe); 4/16/2007 (0.75 for drafting and mailing federal court forms to client); 5/14/2007 (0.2 for drafting and faxing request for extension of time to file complaint); 6/13/2007 (0.1 for faxing extension of time to Appeals Council again due to technical difficulties); 6/19/2007 (0.1 for receiving extension to file complaint); 7/5/2007 (0.45 for calling court clerk, sending summonses back to court with prepared Marshals forms because court clerk wrongly returned summonses); 10/31/2007 (0.75 for making final additions/changes to brief, adding certificate of service, preparing for filing); 1/15/2008 (0.1 for printing and giving Ms. Hoppe the Defendant's responsive brief to draft reply); and 1/30/2008 (0.5 for making final changes to reply brief, preparing for efiling). These entries total 3.3 hours of time, but the time log does not separate the compensable time from the noncompensable time for clerical tasks. Based upon the Court's review of the time log and these entries, the Court will credit 0.85 of the

3.3 hours as compensable time, and thus the Court will deduct 2.45 hours of law clerk time that involved clerical tasks from the 55.4 hours of total time requested. With this deduction, the total number of hours stands at 52.95 hours, which includes 18.25 attorney hours and 34.7 law clerk hours.

The Court does not find it unreasonable for Ms. Hoppe to have spent 31.35 hours reviewing the administrative record (398 pages including 278 pages of medical evidence), researching the issues, and drafting the opening brief, for Ms. Hoppe to have spent 10.9 hours reviewing the Government's response brief and preparing the reply brief, for Ms. Blaz to have spent 1.25 hours making revisions to the briefs, or for Mr. Daley to have spent 4.75 hours reviewing and revising the opening brief and reply brief. The opening brief, response brief, and reply brief were 26, 18, and 9 pages, respectively, and the amount of time does not appear inappropriate considering the experience levels, the work performed, and the supervision provided. The Court is unpersuaded by the Government's arguments that this case was a routine Step Four Social Security case, that 20 to 40 hours is a benchmark for such cases, and that the hours of the attorneys and law clerks should be cut in half. Whether this case is a routine or an unusual Step Four Social Security case, the work performed by the attorneys and law clerks in this case on behalf of the Plaintiff resulted in the reversal and remand of this case to the Social Security Administration because of the ALJ's deficiencies in his Step Four analysis and findings. Furthermore, time recorded in a log provides a better indication of the time that a case has required and of the proper measure of fees to award than a benchmark number culled from a few cases selected from around the country that are eight years old and older or than a blunt and arbitrary instrument like reducing fees by one-half, one-third, one-quarter, one-fifth, or some

other fraction/percentage. For these reasons, the Court finds that the sum of 52.95 hours (18.25 attorney hours and 34.7 law clerk hours) is reasonable.

As to the hourly rates, the $165.00 and $171.25 hourly rates for attorneys sought by the Plaintiff are above the statutory rate of $125.00. The Plaintiff has, however, submitted materials showing that these rates result from making the appropriate cost of living adjustments to the statutory rate, and the Government does not object to the cost of living adjustments. *See* 28 U.S.C. § 2412(d)(2)(A). The Court will employ these hourly rates for the time spent by the attorneys in this case.

The Plaintiff seeks an hourly rate of $125.00 for the work performed by law clerks in this case. The Government objects to this rate, but indicates that it would not object to an hourly rate of $100.00. The Plaintiff has submitted materials from regional and national surveys that reflect billing rates between $75.00 and $165.00, depending upon experience. The Plaintiff also references the Laffey Matrix, which sets the rate for law clerks in 2007 at $125.00 per hour, but the utility of the Laffey Matrix has been questioned by judges in the Seventh Circuit. *See, e.g., Johnson v. McMahon*, No. 05-C-0129-C, 2007 WL 5614102, at *6 (W.D. Wis. Feb. 13, 2007). In her application, the Plaintiff also cites a number of judicial decisions by courts in this Circuit setting the hourly rate of law clerks at $100.00 and $95.00. Considering the experience of the law clerks and the work performed in this case, as well as the materials submitted by the Plaintiff and the arguments presented by the parties, the Court will reduce the rate sought by the Plaintiff to $100.00 per hour, which is consistent with the rate reflected in the survey materials submitted by the Plaintiff. Thus, the 34.7 hours of work performed by the law clerks in this case will be compensated at rate of $100.00 per hour, for a total of $3470.00.

For these reasons, the Court will calculate the attorney's fees as follows: $627.00 for 3.80 hours of attorney time at $165.00 per hour in 2007; $2474.56 for 14.45 hours of attorney time at $171.25 per hour in 2008; and $3470.00 for 34.7 hours of law clerk time at $100.00 per hour. The Court will thus award the Plaintiff $6571.56 in attorney's fees.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act and for Entry of Final Judgment Order [DE 22] is GRANTED. The Court AWARDS the Plaintiff attorney's fees in the amount of $6571.56 to be made payable to the Plaintiff's attorney, Frederick J. Daley. The Court ORDERS the Clerk of this Court to ENTER Judgment in favor of the Plaintiff, Bettye L. Evans, and against the Defendant.

SO ORDERED on December 12, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION